**J. A. MALLORY, Jr., d/b/a Mallory's Camping Center, Appellant,**

v.

**John Ray CUSTER, Appellee.**

**No. 12413.**

Court of Civil Appeals of Texas, Austin.

May 12, 1976.

Edith Roberts, Austin, for appellant.

Delmar L. Cain, Goggan & Cain, Austin, for appellee.

SHANNON, Justice.

This appeal involves Tex.Bus. & Comm. Code Ann. art. 17.41, *et seq.*, commonly known as the Deceptive Trade Practices-Consumer Protection Act. Article 17.46(a) of that Act declares unlawful any false, misleading, or deceptive act or practice in the conduct of any trade or commerce.

Appellee, John Ray Custer, sued J. A. Mallory, doing business as Mallory's Camping Center, in the County Court at Law of Travis County for damages arising out of appellant's attempted repair of appellee's camper trailer, and for treble damages and attorneys' fees for violation of Art. 17.46. Upon trial to the court, judgment was entered for appellee for $1,182.80. We will affirm that judgment.

In his trial pleading appellee averred that appellant operated a business for the sale and repair of camping vehicles and camping trailers. Appellee pleaded further that ap-

pellant specifically advertised and made known to the public that one of the brands which he sold and serviced was the "Coleman" camper.

Appellee declared further that in 1974, he took his Coleman trailer camper to appellant's place of business for repairs in response to appellant's advertising. Appellant charged appellee $178.50 for the repair job. As the camper did not function properly appellee returned the camper to appellant for further work. Appellee returned to appellant's place of business for the camper but at that time the repair work had not been performed. Appellee then had the camper repaired at another shop.

Appellee pleaded that although appellant advertised that he was an authorized dealer for "Coleman" products, he was not such a dealer at the time appellee sought to have his camper repaired. Appellee alleged that appellant made no attempt to apprise appellee of the fact that he no longer sold or serviced "Coleman" products. Appellee alleged that such actions constituted ". . . false, misleading or deceptive acts or practices by causing confusion or misunderstanding as to his affiliation, connection or association with Coleman products and as such was prohibited by Section 17.46 of the Texas Deceptive Trade Practices, Consumer Protection Act."

The court entered judgment for appellee for $170.70 for "actual" damages. The judgment provided further that because appellant violated Art. 17.46(b)(5) appellee was entitled to $512.10 as treble damages together with $500.00 as attorneys' fees.

Long after the time permitted by Tex.R. Civ.P. 296, appellant requested the court to file findings of fact and conclusions of law. No findings of fact and conclusions of law were filed.

Appellant attacks the judgment by three points of error. In his first point appellant claims that the court erred in entering judgment that appellant violated Art. 17.46(b)(5) because appellee's trial petition pleaded a violation of Art. 17.46(b)(3). The partial answer to appellant's contention is that appellee did *not* plead that appellant violated Art. 17.46(b)(3). Instead, appellee pleaded that appellant violated Art. 17.46. More important, appellant did not specially except to appellee's trial petition in an effort to require him to set out with more particularity those sections of Art. 17.46 which he claimed were violated. Under the state of the trial pleading, appellee was entitled to prove, if he could, a violation of any of the sections of that article. Whatever complaints appellant may have had with respect to appellee's trial petition were waived by his failure to specially except. Tex.R.Civ.P. 90.

Appellant's second point is that the court erred in entering judgment for treble damages inasmuch as the award of treble damages ". . . is not mandatory under the Act." Art. 17.50(b) provides:

"In a suit filed under this section, each consumer who prevails *may* obtain:

"(1) three times the amount of actual damages plus court costs and attorneys' fees reasonable in relation to the amount of work expended . ." (Emphasis added)

We agree that Art. 17.50(b)(1) does not *require* that the prevailing consumer have judgment for treble damages. Article 17.50(b)(1), however, *permits* the entry of judgment for treble damages to the prevailing consumer. As the county court entered judgment as allowed by Art. 17.-50(b)(1), this Court will not disturb the judgment.

Appellant's final point is that there was no evidence to support that part of the judgment providing that appellant violated Art. 17.46(b)(5). Article 17.46(b)(5) provides that the term "false, misleading, or deceptive acts or practices" includes:

"representing . . . that a person has a sponsorship, approval, status, affiliation, or connection which he does not."

An examination of the statement of facts shows that appellant sold "Coleman" camper trailers from 1967 to 1971. During that period of time appellant advertised his connection with "Coleman" products in the yellow pages of the telephone directory of

the City of Austin. In 1974, appellant did not sell Coleman camper trailers. In 1974, however, the yellow pages of the telephone directory of the City of Austin showed appellant to be a dealer for "Coleman" recreational vehicles. Appellee testified that he looked in the yellow pages of the telephone book under "Recreational Vehicles" to find a "Coleman" dealer. Appellee vouched further that he relied upon appellant's advertisement in the yellow pages when he took his "Coleman" camper trailer to appellant for repairs. Though appellee paid appellant $170.70 for repairs on the camper trailer, appellee testified that it was not repaired and would not function. There is some evidence of a violation of Art. 17.46(b)(5). Appellant's point is overruled.

The judgment is affirmed.

Affirmed.