**B. L. LITTLETON and Joe S. Thomson, d/b/a Superior Construction Company, Appellants,**

v.

**Jackie WOODS and wife, Cheryl Woods, Appellees.**

No. 8338.

Court of Civil Appeals of Texas, Texarkana.

June 8, 1976.

Rehearing Denied July 27, 1976.

Norman C. Russell, Atchley, Russell, Waldrop & Hlavinka, Texarkana, for appellants.

Cahill Hitt, Hitt, Pesek & Lovett, Texarkana, for appellees.

CHADICK, Chief Justice.

This is a vendee against vendor suit for damages arising out of the sale of a house and lot. Jackie Woods and wife, Cheryl Woods, plaintiffs below, sued and named as defendant B. L. Littleton and Joe S. Thomson, doing business as Superior Construction Company. In aid of clarity, the plaintiffs below, appellees here, will be referred to collectively as Woods and defendants below, appellants here, will be referred to collectively as Littleton. Trial was to a jury and judgment was entered in the trial court awarding Woods a $10,000.00 recovery from Littleton, together with interest, and court-by-court attorney fees for a maximum of $4,000.00. Littleton appealed.

1. The jury's answer to Special Issue 6 recited the house was not constructed in good and

## Pleadings

Woods' trial pleadings averred that Littleton sold him a house and lot with a defective septic system and may be construed as stating both common law and statutory actions. The common law actions are for breach of both express and implied warranty and negligent tort. The statutory actions are for relief authorized by the Deceptive Trade Practices—Consumer Protection Act, Tex.Bus. & Comm.Code, Sec. 17.41 through 17.63. The Act will hereafter be referred to simply as the Consumer Protection Act and particular sections of the Code specified when appropriate.

## Common Law Actions

In response to special issues (issue numbers are shown in parentheses), the jury found that Littleton warranted the house to have been constructed in a good and workmanlike manner and suitable for human habitation (4). Woods relied upon such warranty (5). The house was not constructed in good and workmanlike manner [1] (6). Failure to construct the house in good and workmanlike manner and suitable for human habitation was a producing cause of damages sustained by Woods (11). The jury was instructed that no percolation test was made at the lot in suit and found that failure to conduct percolation tests was negligence (12). That such negligence was the proximate cause of damages to Woods (13). The fair market value of the house, at the time of the occurrence, with a properly working septic system was $33,000.00 (14). The fair market value of the house, at the time of the occurrence, with a septic tank in its existing condition was $28,000.00 (15). The sixteenth special issue was in this form, and answered as shown, to-wit:

"What sum of money, if any, if paid now in cash, do you find from a preponderance of the evidence would fairly and reasonably compensate Jackie Woods and his wife Cheryl Woods for the mental anguish they have suffered in the past, if

workmanlike manner but did not mention its suitability or lack of it for human habitation.

any, as a result of the occurrence in question?

"Answer in dollars and cents, if any.

"Answer: $5,000.00"

■ The value of the house and lot as determined by jury answers to Special Issues 14 and 15 is not supported by evidence. Objection to the submission of these issues was made on the ground of no evidence. Under the pleadings "the time of the occurrence in question" was the date of sale, November 10, 1972. The only evidence offered in support of these issues was an appraisal made in 1974 and values at that time. Since values at the time of the sale were not proven no damage is shown to arise out of the sales transaction.

■ The form of the special issue on damages for mental anguish (16) is quoted to divulge its insufficiency. That is to say, the form is not sufficiently definite, explicit and comprehensive to require the jury to make an award on a proper ground under correct principles of law. The jury should have been confined to damages for mental anguish suffered as the direct and proximate result of the act, omission or conduct found to have caused it and should not have been left free to speculate as to possible causes and elements of damage. See *Standard Paving Co. v. Pyle*, 131 S.W.2d 200 (Tex.Civ.App., Fort Worth 1939, no writ); *Anderson v. Reichart*, 116 S.W.2d 772 (Tex. Civ.App., Fort Worth 1938, writ dism'd); *Airline Motor Coaches v. Guidry*, 241 S.W.2d 203 (Tex.Civ.App., Beaumont 1950, writ ref'd n. r. e.); 3 McDonald's, Texas Civil Practice, Sec. 12.23.1 and 17 Tex. Jur.2d, Damages, 315. The issue as submitted allowed the jury to award reparations for mental anguish caused by breach of warranty, negligent failure to make a percolation test or any other mental anguish suffered by Woods as a result of the "occasion in question". Objection to submission of this issue was made on the grounds that the issue did not limit damage to that which the acts of Littleton produced or proximately caused. The form of the issue was improper and it should not have

been submitted. The jury verdict on it will not support the judgment rendered.

■ Normally a reversal and remand would follow in the wake of the conclusions that have been stated. Discussion of Woods' theory or theories of recovery and the theories pled as contrasted to those submitted would protract this opinion without changing the result. A valid theory of liability adequately proved does not warrant judgment in the absence of damage properly found by the jury. Implied warranty of merchantability in a real estate transaction is not reached, neither is recovery of damages for mental anguish nor numerous other legal issues presented in the appeal. It is deemed pertinent, in view of the disposition to be made of the appeal, to mention that the warranty implied in the sale of a new dwelling house, at the time of the transaction between Littleton and Woods, is discussed in *Humber v. Morton*, 426 S.W.2d 554 (Tex.1968), and a comparison of warranty and negligence theories of liability may be found in 63 Am.Jur.2d, Products Liability, Sec. 3.

## Statutory Actions

■ After the jury returned its verdict, counsel for Woods moved the Court for judgment on the verdict. The judgment requested was $30,000.00, that being three times the amount of actual damages found by the jury ($5,000.00 in reduction in value of the house and lot and $5,000.00 mental anguish), together with $4,000.00 attorney fees assessed by the jury. Tex.Bus. & Comm.Code, Sec. 17.50, was cited as authority for the judgment prayed. Littleton moved for judgment notwithstanding the verdict. Both motions were overruled and judgment as initially stated was entered. Woods has briefed a cross-point asserting that the Trial Court erred in not awarding treble damages because Tex.Bus. & Comm. Code, Sec. 17.50(b) makes treble damages mandatory.

The trial petition alleged that on or about the 10th day of November, 1972, Woods bought the house and lot in suit from Littleton relying upon representations and

warranties heretofore noted. The Deceptive Practice Act became law May 21, 1973, with provision that it would not be retroactive in effect. After complaint, Littleton undertook modification work on the septic tank system which was completed in June of 1973 and at that time represented the system would be adequate. Littleton defended on the ground that the Consumers Protection Act had no application because: (1) it was not in effect when the sale was made, and (2) that if it should be held that the Act was in effect, the Act did not, at the time of the sale, apply to a sale of real property. The defenses interposed by Littleton in this case were asserted in *Cape Conroe, Limited v. Specht,* 525 S.W.2d 215 (Tex.Civ.App., Houston 14th Dist.1975, no writ). The facts and circumstances giving rise to the present litigation are materially different from those in the *Cape Conroe* case, though the defense was the same in both. The opinion in the *Cape Conroe* case sustains Littleton's defenses and controls disposition of Woods' cross-point. Appellee's cross-point is overruled for this reason as well as for the reasons previously discussed, that the damage issues found by the jury would not support a judgment.

### Disposition

The ambivalent approach in the trial court to both common law and statutory actions and relief indicate a mixed conception of the theory upon which liability and relief should be rested under the pleadings and proof. In this appeal, as in *Cape Conroe Limited v. Specht, supra,* it appears the case was tried upon a wrong theory and that under the facts that might be proved if pled and tried on a proper theory, Woods might justly prevail. The judgment of the Court is reversed and the case remanded.