**James Robert McDANIEL, Appellant,**

v.

**H. C. DULWORTH, d/b/a Dulworth Welding, Appellee.**

**No. 19108.**

Court of Civil Appeals of Texas, Dallas.

April 15, 1977.

Rex R. Henger, Bergman & Hicks, Dallas, for appellant.

Alvin Boyd, Dallas, for appellee.

AKIN, Justice.

The question presented by this appeal is whether Tex.Bus. & Comm.Code Ann. § 17.-50(b)(1) (Vernon Supp.1976), a part of the Deceptive Trade Practices and Consumer Protection Act, requires the award of treble damages when a violation of the Act is established, or whether the award of treble damages is discretionary with the trial court. We hold that it is mandatory rather than discretionary, and, accordingly, we modify the trial court's judgment by trebling the damages.

James R. McDaniel sued H. C. Dulworth, doing business as Dulworth Welding, for damages resulting from the collapse of a wrecker bed and boom that Dulworth built for McDaniel. The jury found facts which established Dulworth's liability under section 17.50(a) of the Deceptive Trade Practices and Consumer Protection Act. The jury also found that McDaniel suffered consequential damages of $533, resulting from the collapse of the equipment, and damages in the amount of $350 for the difference between the value of the equipment as represented and as actually delivered. The jury also awarded McDaniel $2,900 in attorney's fees. The trial court denied, however, McDaniel's motion for treble damages and awarded only actual damages of $883 and attorney's fees. McDaniel limits his appeal to the refusal of the trial court to award treble damages.

McDaniel argues that section 17.50(b)(1) requires the trial court to award treble damages if sought by the consumer. We agree. That statute reads:

§ 17.50 Relief for Consumers

.    .    .    .    .

(b) In a suit filed under this section, each *consumer* who prevails *may obtain*:
(1) three times the amount of actual damages plus court costs and attorneys' fees reasonable in relation to the amount of work expended;
(2) an order enjoining such acts or failure to act;
(3) orders necessary to restore to any party to the suit any money or property, real or personal, which may have been acquired in violation of this subchapter; and
(4) any other relief which the court deems proper, including the appointment of a receiver or the revocation of a license or certificate authorizing a person to engage in business in this state if the judgment has not been satisfied within three months of the

date of the final judgment. The court may not revoke or suspend a license to do business in this state or appoint a receiver to take over the affairs of a person who has failed to satisfy a judgment if the person is a licensee of or regulated by a state agency which has statutory authority to revoke or suspend a license or to appoint a receiver or trustee. [emphasis added]

"May", as used in the introductory phrase of section 17.50(b) has as its subject "each consumer;" therefore, any discretion lies with the consumer. Merely because the statute uses the permissive "may" with respect to the consumer is not tantamount to saying that the trial court "may" determine whether treble damages are awarded. In our view, the clear language permits the aggrieved consumer four different, yet complementary, remedies to rectify the wrong that he alone may elect to pursue. One of these is treble damages. We hold, therefore, that section 17.50(b)(1) is mandatory in requiring treble damages once liability under section 17.50(a) has been established. Accordingly, the trial court erred in refusing McDaniel's motion for treble damages.

Our interpretation is in accord with the legislative intent to provide effective relief for aggrieved consumers who would not otherwise sue but for the provision pertaining to treble damages and to reasonable attorney's fees based upon the amount of work expended rather than the amount of actual damages. To hold otherwise would render ineffective the legislative intent to encourage aggrieved consumers to seek redress and to deter unscrupulous sellers who engage in deceptive trade practices. Indeed, Tex.Bus. & Comm.Code Ann. § 17.44 (Vernon Supp.1976) mandates that the Deceptive Trade Practices and Consumer Protection Act shall be liberally construed so as to protect consumers and to provide efficient and economical procedures to secure this protection.

In so holding, we expressly disagree with the holding in *Mallory v. Custer*, 537 S.W.2d 141 (Tex.Civ.App.–Austin 1976, no writ),

that the award of treble damages under section 17.50(b)(1) is discretionary with the trial court. In *Volkswagen of America, Inc. v. Licht*, 544 S.W.2d 442, 446 (Tex.Civ. App.–El Paso 1976, no writ), the court held that a consumer was entitled as a matter of law to attorney's fees on appeal as well as in the trial court under section 17.50(b)(1). Since treble damages are specified in the same subsection as attorney's fees, it logically follows that treble damages are likewise mandatory.

Since we have concluded that McDaniel was entitled to treble damages as a matter of law, we modify the trial court's judgment by trebling the actual damages of $883 and render judgment awarding McDaniel $2,649. In all other respects the judgment is affirmed.