Hubert SPRADLING, dba Sprad's Boat Town, Appellant,

v.

N. D. WILLIAMS, Jr., Appellee.

No. 7926.

Court of Civil Appeals of Texas, Beaumont.

May 12, 1977.

Rehearing Denied June 9, 1977.

Jerry V. Pennington, Orange, for appellant.

Frank A. Adams, Beaumont, for appellee.

DIES, Chief Justice.

N. D. Williams, Jr., plaintiff below, brought suit against Hubert Spradling, d/b/a Sprad's Boat Town, under the Deceptive Trade Practices—Consumer Protection

Act [Tex.Bus. & Comm.Code Ann. § 17.41, et seq. (Supp.1976–77)], received a judgment for $4,300 actual and $4,300 double damages, after a jury trial, from which Spradling has appealed. The parties will be referred to as they were below.

The court gave the following instruction to the jury:

"DECEPTIVE TRADE PRACTICE:

"Any false, misleading or deceptive acts or practices in the conduct of any trade or commerce. You are instructed that the term 'false, misleading, or deceptive acts or practices' means an act or series of acts which has the capacity or tendency to deceive an average or ordinary person, even though that person may have been ignorant, unthinking or credulous. You are further instructed that the term 'false, misleading, or deceptive acts or practices' includes, but is not limited to, the following acts:

"1. Representing the boat sold to be a 1973 model boat if it was an older model boat.

"2. Representing that the boat sold was built in 1973 if it was built in any year prior to 1973.

"3. Representing the boat sold to be in a new, or almost new condition if it was deteriorated, reconditioned, reclaimed or secondhand.

"4. Making false or misleading statements concerning the reasons for, existence of, or amount of price reductions.

"5. Making false or misleading statements concerning the manufacturers' suggested retail price of the boat."

■ *Tex.Bus. & Comm.Code Ann. § 17.46 (Supp.1976–77)* provides:

"(a) False, misleading, or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.

"(b) The term 'false, misleading, or deceptive acts or practices' includes, but is not limited to, the following acts:"

Then follow twenty separate acts.

These specific acts found in *§ 17.46(b)* are declared to be violations of the prohibition against deceptive business practices found in *§ 17.46(a)*. However, this listing is not to be considered exclusive and is worded to encompass any type of business activity which deceives consumers.

■ Defendant contends that the court's definition of "Deceptive Trade Practice" is a comment on the weight of the evidence. We disagree. This definition is suggested in Bragg, "Now We're All Consumers!", *28 Baylor L.Rev. 1, 14 (1976)*. This article suggests that ". . . because of the newness of the concept in Texas, courts should be tolerant of detailed instructions to insure that the jury is fully aware of the rules which must govern its answer as to whether a defendant's conduct is 'false, misleading or deceptive.'"

■ In Texas, the provisions of the rules of civil procedure relating to the submission of a case to the jury give the trial court considerable discretion in deciding what instructions are necessary and proper in submitting issues to the jury. *Tex.R.Civ.P. 277; Union Oil Co. of California v. Richard*, 536 S.W.2d 955 (Tex.Civ.App.—Beaumont 1975, no writ). Furthermore, Rule 277 now permits an incidental comment on the weight of the evidence where it is properly a part of an explanatory instruction or definition.

■ We think the phrase "which has the capacity or tendency to deceive an average or ordinary person, even though that person may have been ignorant, unthinking or credulous" represents the intention of the Legislature. *Section 17.46(c)* provides that courts to the extent possible would be guided by interpretations given by the Federal Trade Commission and the federal courts to specified section of the Federal Trade Commission Act. See *Wesware, Incorporated v. State*, 488 S.W.2d 844 (Tex.Civ.App.—Austin 1972, no writ). This is the interpretation given by the F.T.C. and the federal courts. *Federal Trade Commission v. Standard Ed. Soc.*, 302 U.S. 112, 116, 58 S.Ct.

113, 82 L.Ed. 141 (1937); *Aronberg v. Federal Trade Commission*, 132 F.2d 165, 167 (7th Cir. 1942).

■ We do not, however, favor the trial court's action in listing five instances above as being false, misleading or deceptive acts. We think he should have inquired of the jury whether certain factual issues (raised by the evidence) were represented or made, whether they were false, misleading or deceptive, and whether they were relied on. It would then be the court's duty to determine if under the Act these were "Deceptive Trade Practices". However, since each of the above five acts are in fact instances of Deceptive Trade Practices as listed in the twenty acts of the statute, and since *§ 17.44 —Construction and Application (Supp.1976– 77)* requires a liberal construction of the Act, we hold that the error was harmless, *Tex.R.Civ.P. 434.*

■ As previously noted herein, the trial court awarded double damages to the plaintiff. Both parties object to this, contending that the Act requires the award of treble damages when a violation is established. The applicable section of the Act follows:

"*§ 17.50—Relief for Consumers*

"(b) In a suit filed under this section, each consumer who prevails *may obtain:*

"(1) three times the amount of actual damages plus court costs and attorneys' fees reasonable in relation to the amount of work expended". (Emphasis supplied)

Recently, the Dallas Court in *McDaniel v. Dulworth,* Docket No. 19108, 550 S.W.2d 395 (Tex.Civ.App.—Dallas, 1977) (not yet reported), held that treble damages are mandatory rather than discretionary reasoning that "may" as used in the introductory phrase of *§ 17.50(a)* has as its subject "*each consumer*"; therefore, any discretion lies with the consumer.

In *Mallory v. Custer,* 537 S.W.2d 141, 143 (Tex.Civ.App.—Austin, 1976, no writ), the Austin Court said:

"We agree that Art. 17.50(b)(1) does not *require* that the prevailing consumer have judgment for treble damages. Article 17.50(b)(1), however, *permits* the entry of judgment for treble damages to the prevailing consumer."

Before the publication of this opinion, the Supreme Court of Texas may have settled the matter (*Woods v. Littleton,* No. B–6270, 554 S.W.2d 662, writ granted, cause submitted January 26, 1977). However, to us the word "may" is not mandatory and expresses the Legislature's intent that the trier of the facts may award damages up to but not above three times the amount of actual damages depending on the evidence of each case. This point is overruled.

■ The defendant has points contending each jury finding is against the great weight and preponderance of the evidence. This point directs us to the entire record. *In Re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951).

■ We have carefully read the entire record of this case, and it would only prolong—without benefit—this opinion to repeat or summarize the testimony. In answer to Special Issue No. 13, the jury found that defendant represented to plaintiff that the boat in question was a 1973 model boat built in 1973; that this was a Deceptive Trade Practice (14), which was relied on by plaintiff. The plaintiff so testified, and it is undisputed the boat was a 1972 model built in 1972. This supports the judgment. These points are overruled.

The defendant—appellant—has other points which we find without merit, and they are overruled. All points of both parties are overruled. The judgment of the trial court is affirmed.

AFFIRMED.

KEITH, Justice, dissenting.

I respectfully dissent for several reasons:

### I. Undue Haste in Determining the Cause

The majority insists upon handing down an opinion with what I regard as unseemly haste. Our record was not complete until the statement of facts was filed on January

10, 1977; appellee's brief was filed on March 25; the cause was submitted on April 21, and the opinion has been prepared for delivery precisely three weeks after submission. I am a firm believer in speedy justice but only when it is meted out after a careful consideration of all of the ramifications of the decision.

One of the primary questions in this case is whether or not a plaintiff prevailing in a suit under the Deceptive Trade Practices—Consumer Protection Act [*Tex.Bus. & Comm.Code Ann. Sec. 17.41, et seq. (Supp. 1976–1977)*, hereinafter "Act"], is entitled to treble damages, double damages, or simply to the amount of actual damages as fixed by the trier of the facts.

On January 26, 1977, our Supreme Court took under consideration the case of *Woods v. Littleton*, No. B–6270, 554 S.W.2d 662,[1] after having granted an application for a writ of error upon several points, the first reading:

"Point No. 1—The court of civil appeals erred in overruling plaintiffs' crosspoint and holding that Sec. 17.50(b), Tex.Bus. Comm.Code, does not require a mandatory award of treble damages because the legislative history of said act clearly indicates the intention of the Texas Legislature to make an award of treble damages mandatory." (20 Tex.Sup.Ct.Jrl. 111–112, December 22, 1976).

One court of civil appeals[2] has held that the cited section of the statute is *permissive but not mandatory*. The action of the trial court in trebling the actual damages was affirmed. Another court of civil appeals[3] has held that the cited section is mandatory and reversed the judgment of the trial court refusing to award treble damages (but awarding actual damages) and rendered judgment for the plaintiff after trebling of the actual damages.

Although the Supreme Court has not been able to solve the problem in three months, the majority has done so, at least to its own satisfaction, in three weeks. I am confident that appellant and appellee will join me in disagreeing with an award of double damages in this cause since both parties attack such action.

What has been accomplished in this case by undue haste is to create further confusion in an already confused area of statutory law. I point up the confusion now prevailing: In Texarkana and Austin, an award of single actual damages is appropriate and legal under the cited section of the statute; in Beaumont, under the majority decision, double damages may be awarded; but, in Dallas only an award of treble damages is lawful. By waiting, probably for only a few weeks, we would have had a definitive answer to the question from our court of last resort. In this instance, I would await instructions from the high court.[4]

## II. The Erroneous Charge

The majority, although finding that the court's listing of five elements taken from plaintiff's petition as "false, misleading or deceptive acts [or practices]" is erroneous, holds the error to be harmless. Again, I disagree. The language quoted by the majority from the charge amounted to a peremptory instruction; certainly, it was a comment upon the weight of the evidence

---

1. The underlying opinion in the *Woods Case* is reported in 538 S.W.2d 800 (Tex.Civ.App.—Texarkana 1976, writ granted.)

2. *Mallory v. Custer*, 537 S.W.2d 141, 143 (Tex. Civ.App.—Austin 1976, no writ).

3. *McDaniel v. Dulworth*, Docket No. 19108, 550 S.W.2d 395 (Tex.Civ.App.—Dallas 1977) (no writ history yet).

4. One scholar has written: "[T]he word 'may' [used in § 17.50(b) of the Act ] should not mean that the consumer may get damages because

he will always get damages. A better reading of the statute might be that the consumer *will* get his damages and they *may* be trebled. This reading allows the court to award single, double or treble damages with the treble damages used as the outside limit to the award of punitive damages." (emphasis in text) J. Hawkins, "Consumer Warranties", *28 Baylor L.Rev. 395, 404 (1976)*. Perhaps this attempt to foretell the decision in *Woods v. Littleton*, supra, will be found to be successful; however, at this time, it is only one man's guess.

and advised the jury of the effect of its answers.

More than a hundred years ago, Chief Justice Roberts spoke to the problem confronting us in *Texas & Pacific Ry. Co. v. Murphy,* 46 Tex. 356, 366–367 (1876):

"It has long been the settled policy of the laws of this State, to keep separate and distinct, and to define accurately, the respective functions of the judge and of the jury in the trial of cases, both civil and criminal. As early as 1853, the Legislature, in pursuance of this policy, enacted a law, that is still in force, which indicates a radical departure from the mode of proceeding in trials, as practiced in the courts of England and of many if not most of the American States, wherein the common law prevails. It is as follows: The judge 'shall not in any case, civil or criminal, charge or comment on the weight of evidence. He shall so frame his charge as to submit questions of fact solely to the decision of the jury, deciding on and instructing them as to the law arising on the facts, distinctly separating the questions of law from questions of fact. He shall not charge or instruct the jury in any case, unless the charge shall have been by him first reduced to writing and signed, and every such charge shall be given in the precise words in which it shall have been written.' (Paschal's Dig., art. 1464.) This is mandatory and peremptory. It leaves no discretion to the judge, as to whether or not he shall 'charge or comment on the weight of evidence,' or as to whether or not he shall 'submit questions of fact solely to the jury.' It is positive direction to a judge as to what he shall do in the trial of a case in his court, however different may be the mode of trying cases in the courts of other countries, of which he may be informed by law-writers or by precedents. This is our system of procedure. The judge is forbidden by law either to aid a jury, or to infringe upon their province in weighing the evidence or in deciding upon the facts, in every case submitted to them. It presupposes that the jury is as competent to find the facts as the judge is to declare the law. This admits of no exception, so far as his duty, enjoined by law, is concerned, whether the facts are plainly established by the evidence, for one side or the other, or are complicated or doubtful."

It is clear that the quoted language in the charge is "couched in terms of the victory or defeat of one of the parties." *Mobil Chemical Company v. Bell,* 517 S.W.2d 245, 256 (Tex.1974). It is in direct violation of the positive language found in amended *Tex.R.Civ.P. 277*: "The court shall not in its charge comment directly on the weight of the evidence or advise the jury of the effect of their answers . . . ." Plaintiff read to the jury his allegations of deceptive practices; he offered evidence in support thereof and defendant disputed such evidence by his own testimony. At the conclusion of the trial, the court peremptorily instructed the jury that plaintiff's allegations were in law deceptive practices.

The court thus told the jury, in no uncertain terms, that plaintiff must prevail. The quotation found in the majority opinion from the law review article[5] is, at best, somewhat misleading. Immediately preceding such quotation the author sets out "one suggested general instruction" which is not a comment upon the weight of the evidence:[6]

"You are instructed that the term 'false, misleading, or deceptive acts or practices' means an act or a series of acts which has the capacity or tendency to deceive an average or ordinary person, . . ."

Thus, under such an instruction, the jury would determine the existence of the facts free of the trial judge's comment upon the weight of the evidence. Once such facts are determined, whether or not they constitute deceptive trade practices is a matter of law for the court. Cf. *Knutson v. Ripson,* 163 Tex. 312, 354 S.W.2d 575, 576 (1962).

**5.** D. Bragg, "Consumer Protection", *28 Baylor L.Rev. 1, 14 (1976).*

**6.** Id.

The instructions found in the charge under examination would likely be condemned under Justice Pope's law review article,[7] wherein a whole section is captioned: "DO NOT COMMENT—DO NOT ADVISE THE JURY OF THE EFFECT OF ANSWERS." And, that is precisely what the trial judge did in this case.

The majority would excuse this as harmless error, pointing to the fact that in one instance the jury found that the boat was represented to be a 1973 model built in 1973, whereas, it was built in 1972. But, I would note at this point that there was a great deal of testimony that boats do not have annual model changes such as found in the automobile industry. This factual dispute was not submitted to the jury. Instead, the trial court assumed the allegation of plaintiff to be true and instructed the jury that such constituted a deceptive practice.

Moreover, this issue—number thirteen in a series—was far down in the charge. Having been told the effect of their answers, the answer to number thirteen likely came about under the concept of "pulling on the boot", to use one of the colorful analogies of the late Justice Norvell found in his dissent in *Holmes v. J. C. Penney Company,* 382 S.W.2d 472, 475 (Tex.1964):

> "We have here another example of a time honored trial tactic which accompanied the introduction of the special issue practice in Texas, namely, getting a jury to follow along in answering general or undisputed issues until the desired answer to a vital or controlling issue is secured largely as a matter of routine rather than deliberation. This process has been likened to pulling on an old boot. Once the boot is started right at the top, there is little difficulty encountered with the heel."

I also have serious doubts as to the inclusion of the emphasized words found in the second sentence in the instruction quoted by the majority.[8] It had no place in this charge. Plaintiff is an experienced executive in a television station in Beaumont and operates an auto salvage company as a sideline. He made no pretense nor contention that he was ignorant, unthinking, or credulous. He knew that he was buying a used boat at a substantial discount from a dealer with whom he had dealt with before. He collaborated with the dealer in establishing a price on the boat sufficiently high that he could finance the boat he was purchasing and have the bank pay off the multi-thousand-dollar loan on his trade-in boat.

The reference to an ordinary person who may have been ignorant, unthinking or credulous could only have been designed to incite sympathy for the plaintiff. This is in direct contravention of the second sentence in Section III of the Admonitory Instructions which are to be given to every jury: "You are the sole judges of the credibility of the witnesses and the weight to be given their testimony, . . ." Tex.R.Civ.P. 226a. While possibly not error in this instance, such an instruction has no place in a case such as the one under review.

### III.   Who Enhances the Damages?

I am frank to confess my confusion as to the determination by the majority—if there is a determination made—as to the enhancement of the damages. The majority quotes from § 17.50 of the Act and notes that the Dallas Court in *McDaniel v. Dulworth,* supra, has held that the statute is mandatory. It then quotes from the Austin Court in *Mallory v. Custer,* supra, and notes the pendency of the *Woods Case* in the Supreme Court. The majority continues:

> "However, to us the word 'may' is not mandatory and expresses the Legislature's intent that the *trier of the facts may award damages up to but not above*

7.   J. Pope and W. Lowerre, "Revised Rule 277", 27 *Sw.L.J.* 577, 588 (1973).

8.   "You are instructed that the term 'false, misleading, or deceptive acts or practices' means an act or series of acts which has the capacity or tendency to deceive an average or ordinary person, *even though that person may have been ignorant, unthinking or credulous."* The instruction came from the law review article noted earlier in fns. 5 and 6, supra.

three times the amount of actual damages depending on the evidence of each case." (emphasis supplied)

Insofar as was possible under the instructions of the court discussed earlier herein, the jury was the "trier of the facts" in this case but it made no determination to award double damages.

For the reasons discussed herein, and others not mentioned, I respectfully dissent to an affirmation of the judgment, particularly at this time.