Dale BOMAN et ux., Appellants,

v.

Jim WOODMANSEE, d/b/a Aztec Pools, Appellee.

No. 12510.

Court of Civil Appeals of Texas, Austin.

July 13, 1977.

James G. Boyle, Austin, for appellants.

Donald F. Nobles, Austin, for appellee.

SHANNON, Justice.

Appellants, Dale Boman and wife, Marlene Boman, filed suit in the district court of Travis County against appellee, Jim Woodmansee, doing business as Aztec Pools. Appellants sought treble damages for breach of warranty under Tex.Bus. & Comm.Code Ann. § 17.41, *et seq.*, commonly termed the Deceptive Trade Practices-Consumer Protection Act. After trial to a jury, appellants moved for judgment for $16,069.50 in damages, that sum representing three times the amount of actual damages found by the jury. The district court overruled appellants' motion for judgment, and instead, entered judgment for appellants for $5,356.50 actual damages and $7,300 for attorney's fees. We will reverse the judgment.

Appellants entered into a contract with appellee for the construction of a swimming pool. In their pleading appellants alleged that appellee breached his warranty of good workmanship in the construction of the pool and alleged that appellants were entitled to three times the actual damages resulting from the breach.

In response to the special issues the jury answered, among other things, that appellee failed to install the swimming pool in a good and workmanlike manner and that this failure was a producing cause of the damage. The jury responded further that appellants had been damaged in the sum of $5,956.50.

Appellants' single point of error is that the district court erred, as a matter of law, in failing to treble the actual damages as required by Section 17.50(b)(1) of the Deceptive Trade Practices Act. Appellee does not complain that the judgment for attorney's fees is excessive.

■ Appellants' point of error is well taken. The trebling of actual damages is mandatory under Section 17.50(b)(1). *Woods v. Littleton,* Tex.1977, —— S.W.2d ——.

■ In fairness to counsel and to the district court, it should be observed that the opinion in *Woods v. Littleton, supra,* was delivered by the Supreme Court long after the entry of judgment in the case at bar. At the time of the entry of the judgment in the case at bar, the only existent authority indicated that pursuant to Section 17.-50(b)(1), the trial court, in its discretion, could determine whether or not to enter a judgment for three times the amount of the actual damages. *Mallory v. Custer,* 537 S.W.2d 141 (Tex.Civ.App.1976, no writ). In *Woods* the Supreme Court disapproved *Mallory* to the extent that *Mallory* suggested the trial court had the discretion to determine whether or not to enter a judgment for treble damages.

The judgment is reversed and judgment is here rendered for appellants for $16,069.50 in damages and for $7,300 in attorney's fees and for interest.