Hubert SPRADLING, d/b/a Sprad's Boat Town, Petitioner,

v.

N. D. WILLIAMS, Jr., Respondent.

No. B–6912.

Supreme Court of Texas.

May 3, 1978.

Rehearing Denied June 7, 1978.

Morris, Graves & Smith, Jerry V. Pennington, Orange, for petitioner.

Adams & Adams, Frank A. Adams, Beaumont, for respondent.

POPE, Justice.

This case concerns the instructions in the charge for a deceptive trade practices case. N. D. Williams sued Hubert Spradling, doing business as Sprad's Boat Town. Williams alleged that Spradling made deceptive representations about a pleasure boat he purchased from Spradling. The trial court rendered judgment for Williams on a verdict of the jury, and the court of civil appeals affirmed with one justice dissenting. Tex.Civ.App., 553 S.W.2d 143. We affirm the judgments of the courts below.

In 1974 Williams purchased a thirty-foot Sportscraft pleasure boat from Spradling. The jury made findings that (1) Williams agreed to pay Spradling $10,800 and trade in his twenty-three foot Sportscraft boat which (2) was worth $5,500; (3) the value of the Sportscraft that was delivered to Williams was $12,000; (4) Spradling represented the Sportscraft to be in the same condition as a new boat except for thirty hours of use of the engines; (5) the representation was a deceptive trade practice, and (6) Williams relied on the representation in purchasing the boat; (7) Spradling represented to Williams that he was getting a substantial price reduction because the boat

was a factory demonstrator; (8) the representation was a deceptive trade practice; (9) Williams relied on the representation; (10) Spradling represented that the suggested factory retail price of the boat was $22,500; (11) the representation was a deceptive trade practice; (12) on which Williams relied in purchasing the boat; (13) Spradling represented that the boat in question was a 1973 model boat built in 1973; (14) the representation was a deceptive trade practice; and was (15) relied on by Williams in purchasing the boat. The charge contained this instruction concerning the term "deceptive trade practice:"

> Any false, misleading or deceptive acts or practices in the conduct of any trade or commerce. You are instructed that the term "false, misleading, or deceptive acts or practices" means an act or series of acts which has the capacity or tendency to deceive an average or ordinary person, even though that person may have been ignorant, unthinking or credulous. You are further instructed that the term "false, misleading, or deceptive acts or practices" includes, but is not limited to, the following acts:
>
> 1. Representing the boat sold to be a 1973 model boat if it was an older model boat.
> 2. Representing that the boat sold was built in 1973 if it was built in any year prior to 1973.
> 3. Representing the boat sold to be in a new, or almost new condition if it was deteriorated, reconditioned, reclaimed or secondhand.
> 4. Making false or misleading statements concerning the reasons for, existence of, or amount of price reductions.

> 5. Making false or misleading statements concerning the manufacturers' suggested retail price of the boat.

■ The trial court submitted the issues to the jury in clusters of three issues. The first issue in each cluster asked whether a specific act or practice happened, the second asked whether it was a deceptive trade practice as that term was defined by the court, and the third asked whether the customer relied upon the deceptive trade practice. Spradling is before this court on only two points, both of which relate to the trial court's instructions to the jury. One point complains of the trial court's instruction that an act is false, misleading, or deceptive if it had the capacity to deceive "an ignorant, unthinking, or credulous person." He argues that this reduced the plaintiff's burden of proof. The argument is appealing, but we are dealing with a cause of action which the legislature created. We quote the provision of subsection 17.46(c) as it was at the time of suit.[1]

> It is the intent of the legislature that in construing Subsection (a) of this section the courts to the extent possible will be guided by Subsection (b) of this section *and the interpretations given by the Federal Trade Commission and federal courts to Section 5(a)(1) of the Federal Trade Commission Act* [15 U.S.C.A. 45(a)(1)]. [Emphasis added.]

As we said in reference to the almost identical provision [2] of the prior deceptive trade practices act, it "gives us directions for interpreting the statute." *State v. Credit Bureau of Laredo, Inc.,* 530 S.W.2d 288, 293 (Tex.1975). As we did in the *Credit Bureau*

1. In 1977 the legislature amended subsection (c) to provide that in private damages actions, the courts should look to interpretations of the federal courts, but in the injunctive actions by the attorney general's office, the courts should look to interpretations by the federal courts *and* the Federal Trade Commission. *See* Tex. Bus. & Com.Code Ann. § 17.46(c)(1), (2) (Supp. 1978).

2. Tex.Rev.Civ.Stat.Ann. art. 5069–10.02(b) [repealed 1973], provided that

> It is the intent of the legislature that in construing Section (a) of this Article, the courts, to the extent possible, will be guided by Section (b) of Article 10.01 of this Chapter [an enumerated list of practices] and the *interpretations given by the Federal Trade Commission and the Federal Courts to Section 5(a)(1) of the Federal Trade Commission Act* (15 U.S.C., 45(a)(1)). Nothing in this Chapter either enlarges or diminishes the rights of parties in private litigation. [Emphasis and bracketed commentary supplied.]

of *Laredo* case, we look to federal precedents to see if the federal courts have approved the interpretation.

Section 45(a)(1) of Title 15 U.S.C.A. declares certain unfair methods of competition unlawful and says:

(a)(1) Unfair methods of competition in commerce, and unfair or deceptive acts or practices in commerce, are declared unlawful.

Since 1910, the federal courts have applied the standard that was first expressed in *Florence Mfg. Co. v. J. C. Dowd & Co.,* 178 F. 73, 75 (2d Cir. 1910), in these words:

The law is not made for the protection of experts, but for the public—that vast multitude which includes the ignorant, the unthinking and the credulous, who, in making purchases, do not stop to analyze, but are governed by appearances and general impressions.

The test, or slight variations of it, has been many times approved. *See Federal Trade Comm'n v. Standard Education Society,* 302 U.S. 112, 116, 58 S.Ct. 113, 82 L.Ed. 141 (1937); *Helbros Watch Co. v. F. T. C.,* 114 U.S.App.D.C. 63, 310 F.2d 868 (1962); *Bankers Securities Corp. v. F. T. C.,* 297 F.2d 403, 405 (3d Cir. 1961); *Niresk Industries, Inc. v. F. T. C.,* 278 F.2d 337, 342 (7th Cir.), *cert. denied,* 364 U.S. 883, 81 S.Ct. 173, 5 L.Ed.2d 104 (1960); *Harsam Distributors, Inc. v. F. T. C.,* 263 F.2d 396, 398 (2d Cir. 1959); *Charles of the Ritz Distributors Corp. v. F. T. C.,* 143 F.2d 676, 679 (2d Cir. 1944); *Stanley Laboratories, Inc. v. F. T. C.,* 138 F.2d 388, 392–93 (9th Cir. 1943); *Aronberg v. F. T. C.,* 132 F.2d 165, 167 (7th Cir. 1942). Bragg, *Now We're All Consumers! The 1975 Amendments to the Consumer Protection Act,* 28 Baylor L.Rev. 1, 10–14 (1976); Maxwell, *Public and Private Rights and Remedies Under the Deceptive Trade Practices—Consumer Protection Act,* 8 St. Mary's L.J. 617, 620–22 (1977); *but see* Lynn, *Anatomy of a Deceptive Trade Practices Case,* 31 Sw.L.J. 867, 869–74 (1977).

Spradling's only other point complains of the instruction "that the term 'false, misleading, or deceptive acts or practices' includes, but is not limited to, the following

acts:" which was followed by a list of the five acts or practices which plaintiff Williams relied upon. It is our opinion that all of that part of the instruction was erroneous. Section 17.46 of the Consumer Protection Act largely governs what issues should be submitted:

Sec. 17.46 Deceptive Trade<br>Practices Unlawful

(a) False, misleading, or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.

(b) The term "false, misleading, or deceptive acts or practices" includes, but is not limited to, the following acts:

[This section then listed twenty specific acts or practices, but two additional items have been added to the list of prohibited acts since the trial of this case. See Tex.Bus. & Com.Code Ann. § 17.46(b)(21), (22) (Supp.1978). The list of specified acts is not an exclusive list.]

Subsection (a) of section 17.46 states that an act or practice that is false, misleading or deceptive is an unlawful or deceptive trade practice. Subsection (b) then contains a list of specific acts or practices which the law identifies as false, misleading or deceptive. If any one of those listed acts or practices is found factually to have happened, it is by law an unlawful deceptive trade practice because subsection 17.46(b) makes it unlawful. Since the statute makes the act a deceptive trade practice, the jury should not be asked if one of the listed acts was in fact deceptive.

Looking at the verdict in the case before us, we find that there is at least one jury finding of a deceptive act or practice which is included among those listed in subsection 17.46(b). That finding established the act or practice as a deceptive trade practice as a matter of law under subsection 17.46(a). Jury finding number thirteen is the same act or practice listed in subdivision 7 of subsection 17.46(b):

(7) representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;

The Act explicitly states that misrepresenting the model of an article is a proscribed deceptive act, and it was for that reason unnecessary for the trial court to instruct the jury that it was a deceptive act or to submit issue fourteen which permitted the jury to determine whether, as a fact, it was.

Spradling's defense to that finding was that the year model of the boat was immaterial, because an ordinary consumer would give no consideration to the year model in purchasing a secondhand boat. He maintains that the 1972 model is essentially the same as the 1973 model. On the other hand, plaintiff Williams called Bill Lawrence, a local boat dealer, as an expert witness. Lawrence testified that he sold boats commercially and that he had worked for a boat manufacturer, that production of 1972 model boats began during the last three months of 1971, and that it ended after eight or nine months in 1972, at which time the manufacture of 1973 models began. There is evidence that shows there was a difference of over three hundred dollars between the list price of the 1972 model Sportscraft and the 1973 model. Defendant Spradling's expert witness testified Sportscraft had model years like the automobile industry. We conclude that there is evidence that Sportscraft pleasure boats were manufactured according to distinct model years and the plaintiff, Williams, therefore is entitled to judgment on the finding about misrepresentation of the year model which by law was a deceptive practice.

An act or practice which is not among those listed in subsection 17.46(b) requires a jury issue to determine as a fact whether it was deceptive. The deceptive acts or practices listed in subsection 17.46(b) do not form an exclusive list because that subsection states that the classification of condemned practices "includes, but is not limited to," the list. One who alleges and proves an unlisted act or practice which he contends is a deceptive trade practice, does not have the benefit of subsection 17.46(b) which declares the act or practice to be a false, misleading or deceptive act or practice. One must, in the instance of an unlisted act or practice, therefore, obtain a finding not only (1) that the act or practice occurred, but (2) that it was a deceptive trade practice.

■ The jury, by findings to special issues 4 and 10 found that Spradling had done an act or practice which was not included among the items listed in subsection 17.46(b). The court by its instructions numbered respectively as items 3 and 5 told the jury that the acts and practices asked about in issues 4 and 10 were deceptive. After telling the jury that those acts and practices were deceptive, the court nevertheless asked the jury by special issues 5 and 11 whether the acts and practices were deceptive. We, therefore, have the court telling the jury as a matter of law that the acts and practices were deceptive and the court then asking the jury if the same acts were in fact deceptive.

If subsection 17.46(b) declares the practice unlawful, there is no need for an issue which asks if it is deceptive. If subsection 17.46(b) does not list the act, the court should not instruct the jury that the act is deceptive, but should leave that to an inquiry to the jury. We approve the first two sentences of the court's instruction and disapprove the rest of the instruction. *See Ivan's Tire Service Store, Inc. V. Goodyear Tire & Rubber Co.*, 86 Wash.2d 513, 546 P.2d 109 (1976), *adopting opinion* of 10 Wash.App. 110, 517 P.2d 229, 238 (1973); *cf. Hardy v. Toler*, 288 N.C. 303, 218 S.E.2d 342 (1975), *criticized in* Note, 54 N.C.L.Rev. 963 (1976). Since there was a finding supported by the evidence of at least one act or practice that is included in the list of subsection 17.46(b), the error in the instruction about the unlisted acts or practices is harmless.

The judgments of the courts below are affirmed.

GREENHILL, C. J., concurs with opinion.

STEAKLEY, J., dissents with opinion.

GREENHILL, Chief Justice, concurring.

The Court's opinion relates that the statute involved has "listed" deceptive trade

practices, and also "unlisted" deceptive trade practices. That is, the Legislature has provided a laundry list of some twenty-one *listed* and specified unfair trade practices,—which the Court's opinion says are now *unlawful*.

The Court's opinion also relates that the unlawful acts *listed* "do not form an exclusive list because that subsection states that the classification of condemned practices 'includes, but is not limited to' the list."

I should like to point out that the Court's opinion makes no holding with regard to penal damages for the violation of an unlisted or unspecified act.

I have grave doubts about the constitutionality of penal damages for the violation of "unlisted" and unspecified unlawful acts. It is one thing for the Legislature to create a cause of action in tort or contract for actual damages caused by reliance on unfair and deceptive trade practices; but it is another thing for it to create a penalty of triple damages for the violation of unwritten, unlisted and unspecified unlawful acts.

STEAKLEY, Justice, dissenting.

I would hold that the instruction of the trial court pertaining to unlisted acts or practices, discussed and found to be erroneous by the majority, was reversibly harmful, and not, as held by the majority, harmless error. I will write no more except to state that as to this I agree with the writing of the dissenting Justice in the Court of Civil Appeals under the heading "II. The Erroneous Charge." 553 S.W.2d 143, at 147.