Joe A. STALEY, Jr., et ux, Appellants,

v.

The TERNS SERVICE COMPANY, INC., Appellee.

No. 6131.

Court of Civil Appeals of Texas, Waco.

Feb. 21, 1980.

Rehearing Denied March 27, 1980.

George S. McCall, John Wright & Associates, Grand Prairie, for appellants.

Glenn A. Sodd and Barbara Moe, Dawson, Dawson, Sodd & Davis, Corsicana, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff-appellant from the refusal of the trial court to treble damages awarded plaintiff-appellant in a Deceptive Trade Practices-Consumer Protection Act case.[1]

Plaintiffs Staley and wife, pursuant to a written contract, purchased a collection agency franchise from defendant for a recited consideration of $10,000. plus a percentage of monthly gross receipts. Plaintiffs' business apparently failed to prosper and plaintiffs sued defendant: 1) For breach of contract; 2) for fraud inducing plaintiffs to enter into the contract; and 3) for violation of the Texas Deceptive Trade Practices Act (Section 17.46, et seq., Tex. Bus. & Com.Code 1973).

Trial was to a jury which made findings summarized as follows:

---

1. VTCA Business & Commerce Code Section 17.41 to 17.63 as passed by the 63rd Legislature *May 21, 1973*; as amended by 64th Legislature September 1, 1975.

1) There was a contract between the Staleys and Terns for the purchase of Terns Service Co., Inc. of Arlington/Ft. Worth.

2) Under the contract, Staley was to buy goods and services from Terns necessary to establish Staley's own business.

3) and 8) Found breaches by Terns of the contract.

10) Found that as a result of such breaches by Terns that the Staleys were damaged.

12) Failed to find what amount of damages were suffered by the Staleys.

15) Terns Service represented to the Staleys that the Staleys' company would get at least 10% collection on their accounts within two weeks of sending out the first collection letter.

16) Terns Service represented to the Staleys that they were going to raise the price of their goods and services and that the Staleys could sell their business for a profit at any time.

17) Terns Service represented to the Staleys that by purchasing goods and services from Terns, the Staleys would become part of a network of offices throughout the United States.

18) Terns Service represented to the Staleys that their purchase would include in-field assistance in obtaining business.

19) Terns Service represented to the Staleys that their purchase included periodic seminars for the exchange of ideas.

20) The representations inquired about in 15) thru 19) were deceptive trade practices.

21) Failed to find the conduct inquired about in 15) thru 19) were unconscionable actions.

22) Failed to find Terns advertised its goods and services with intent not to sell them as advertised.

23) The contract and representations inquired of in 3), 8) and 15) thru 19) are producing causes of damages sustained by the Staleys.

24) $5000. will compensate the Staleys for their damages resulting from the deceptive trade practices of Terns Service.

26) Representations 15 thru 19) were representations of material facts.

27) Such representations were false.

28) And made with intent to induce the Staleys to enter the contract with Terns.

29) The Staleys were deceived and induced to rely on such representations.

30) Failed to find such representations were made by Terns with a preconceived intention not to perform.

31) Before, during, and after the signing of the contract, Terns was acting in good faith.

32) Failed to find the Staleys were damaged by Terns' fraud.

35) Found $3500. a reasonable attorney's fee for the Staleys for those services related to the Deceptive Trade Practices Act.

The trial court rendered judgment on the verdict for plaintiffs Staley and wife for $5000. plus $3500. for plaintiffs' attorneys.

Plaintiffs Staley appeal on one point. "The District Court erred in refusing to treble Plaintiffs' damages resulting from Defendant's deceptive trade practices found by the jury".

The Deceptive Trade Practices-Consumer Protection Act, Article 17.41, et seq., Business and Commerce Code in effect at time of suit provided:

Sec. 1743.   Cumulative Remedies.

The provisions of this subchapter are not exclusive.  The remedies provided in this subchapter are in addition to any other procedures or remedies provided for in any other law.  *  *  *.

Sec. 17.44.   Construction and Application.

This subchapter shall be liberally construed and applied to promote its underlying purposes, which are to protect consumers against false, misleading, and deceptive business practices, unconscionable actions, and breaches of warranty and to provide efficient and economical procedures to secure such protection.  *  *  *

Sec. 17.46.   Deceptive Trade Practices Unlawful.

(a) False, misleading, or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.

(b) The term 'false, misleading, or deceptive acts or practices, includes, but is not limited to, the following acts: (here follows 20 specific acts)

\* \* \* \* \* \*

Sec. 17.50. Relief for Consumers.

(a) A consumer may maintain an action if he has been adversely affected by any of the following:

(1) The use or employment by any person of an act or practice declared to be unlawful by Section 17.46 of this subchapter;

\* \* \* \* \* \*

(b) In a suit filed under this section, each consumer who prevails may obtain:

(1) Three times the amount of actual damages plus court costs and attorneys' fees \* \* \*;

The jury by its verdict assessed no damages against Terns for its breaches of Terns' contract with the Staleys. But in answer to Issues 15) thru 19) found that Terns represented to the Staleys certain matters; Issue 20) found the representations inquired about were deceptive trade practices; Issue 23) found the representations were the producing cause of damages sustained by the Staleys; Issue 24) fixed such damages at $5000.; Issues 26) thru 29) found such representations were of material facts, were false, and made with intent to induce the Staleys to enter the contract with Terns.

■ Section 17.50(a)(1) grants relief to any consumer who has been adversely affected by the use or employment of any person of an act or practice declared unlawful by Section 17.46. Section 17.46(a) declares unlawful any false, misleading or deceptive acts or practices in the conduct of any trade or commerce. Subsection (b) specifies 20 acts declared false or deceptive trade practices but expressly states that false or deceptive trade practices are not limited to such 20 acts. Where the act

asserted to be a deceptive trade practice is not listed, a jury finding is required to find that the asserted act is deceptive. *Spradling v. Williams*, Tex., 566 S.W.2d 561. The jury in Issue 20 found the acts found to have been committed in Issues 15) thru 19) to be deceptive trade practices.

■ The Act, supra, provides the consumer who prevails may obtain three times the amount of actual damages [2] plus attorney's fees.

Our Supreme Court in *Woods v. Littleton*, 554 S.W.2d 662 declared the trebling of damages to be mandatory. And this court in a very similar case held the damages awarded should be trebled in *Woo v. Great Southwestern Acceptance Corp.*, Tex.Civ. App., 565 S.W.2d 290.

Appellants-plaintiffs' point is sustained.

Appellee-defendant, by 6 cross-points asserts the trial court erred in awarding plaintiffs any judgment at all. These have been considered and are overruled.

The trial court's judgment is reformed to provide plaintiffs recovery of treble damages, i. e., $15,000. plus the $3500. attorney's fees allowed by the court. As reformed, the judgment is affirmed.

REFORMED & AFFIRMED.

---

2. By later amendment, the 65th and 66th Legislatures set recovery at actual damages plus

twice that portion of actual damages that does not exceed $1000.