**CEN–TEX PORTABLE BUILDINGS, INC., Appellant,**

v.

**Jerry YOUNG, Appellee.**

**No. 6844.**

Court of Civil Appeals of Texas, El Paso.

April 9, 1980.

Rehearing Denied May 7, 1980.

Kendall, Randle, Finch & Osborn, Terrence Kendall, Austin, for appellant.

Hirsch & Bartley, Kevin R. Bartley, Odessa, for appellee.

## OPINION

STEPHEN F. PRESLAR, Chief Justice.

This is a deceptive trade practice suit involving a portable building purchased from the Appellant by the Appellee. Questions covered by this opinion are evidence of actual damage and the recovery of damage for mental anguish under the Deceptive Trade Practices-Consumer Protection Act, Tex.Bus. & Comm.Code Ann. sec. 17.41 et seq. The trial Court entered judgment on jury findings that the Appellant breached its warranty of merchantability and misrepresented the quality of the building causing the Appellee to sustain damages of $1,780.00 and $750.00 for mental anguish, which amounts were trebled. We reverse and render.

In March of 1975, the Appellee purchased a 12 × 36' portable aluminum building from the Appellant. In the latter part of June, 1975, part of the northwest wall of the building and the roof blew off. Appellee filed this suit under the Deceptive Trade Practices Act. Appellant presents some fifteen points of error, but we will consider only those involving damages as they are controlling of the disposition of this case.

■ Special Issue No. 8 was the damage issue, and Appellant objected to its submission on the basis that there was no evidence to warrant its submission; at the conclusion of the evidence, Appellant moved for a directed verdict on the basis that there was no evidence to support this issue, and it moved for a judgment notwithstanding the verdict on that same basis. The issue and answer is:

### SPECIAL ISSUE NO. 8

In connection with this Issue, you are instructed that the measure of damages, if you find Jerry Young suffered any damages, is the difference between the reasonable market value of the portable building at the time of its purchase and the original contract price.

What sum of money do you find from a preponderance of the evidence could reasonably compensate Jerry Young for damages?

Answer in dollars and cents, if any.

Answer: $1,780.00

The evidence is that the contract price of the building was $2,268.00. The Appellant asserts that there was no evidence as to the reasonable market value of the building at the time of its purchase. The record reflects that to be true. The only evidence of value of the building in question was evidence that its value after it was destroyed was $500.00, and that its market value in 1975 was "about what it sold for" or $2,268.00 "plus some costs at the bank." This is the only evidence of value and it is not and cannot be evidence of its reasonable value intact at the time of its purchase. There being no such evidence, there was no basis for the jury to find that the difference between the reasonable market value and the purchase price was $1,780.00. Reviewed under applicable standards, there is not a scintilla of evidence upon which the jury could have made the finding, viewing the evidence in its most favorable light and considering only the evidence and inferences which support the finding, and rejecting the evidence and inferences to the contrary. *Miller v. Bock Laundry Machinery Company*, 568 S.W.2d 648 (Tex.1977). See also *Littleton v. Woods*, 538 S.W.2d 800 (Tex. Civ.App.—Texarkana 1976) aff'd 554 S.W.2d 662 (Tex.1977), for the same ruling that we make here; that is, that there was no evidence of reasonable value at the time of sale.

In response to Special Issue No. 9, the jury awarded $750.00 to Jerry Young for mental anguish he had suffered as a result of the conduct of the Appellant. We are of the opinion that the Court erred in awarding judgment based on this finding because damages for mental anguish may not be recovered under the Deceptive Trade Practices Act in the absence of physical injury. Such is the holding in *Dennis Weaver Chevrolet, Inc. v. Chadwick*, 575 S.W.2d 619 (Tex.Civ.App.—Beaumont 1978, writ ref'd n. r. e.). The Dallas Court of Civil Appeals has made the same ruling in a more recent case of *American Transfer and Storage Company v. Brown*, 584 S.W.2d 284 (1979, writ granted). Both of these cases explain the inapplicability of *Woods v. Littleton*, supra, in that the Supreme Court did not there decide the question of recovery for mental anguish under the Deceptive Trade Practices Act.

Since we have determined that there can be no recovery of damages, it follows that that portion of the judgment awarding attorney fees must also be reversed.

The judgment of the trial Court is reversed and judgment here rendered that Appellee take nothing.