## BARNHOUSE MOTORS, INC., Appellant,

v.

## Henry J. GODFREY, III, Appellee.

### No. 6774.

Court of Civil Appeals of Texas, El Paso.

Feb. 7, 1979.

**380**

Scott, Hulse, Marshall & Feuille, James T. McNutt, Jr., William A. Elias, El Paso, for appellant.

Herbert E. Marsh, Jr., El Paso, for appellee.

## OPINION

OSBORN, Justice.

This is an appeal from a judgment awarding treble damages and attorney's fees under the Deceptive Trade Practices—Consumer Protection Act, Article 17.41 et seq., Tex.Bus. & Comm.Code Ann. (Supp. 1978–79). We affirm.

The Appellant sold Appellee a used 1974 Audi automobile in March, 1977. Mechanical problems developed with the transmission within about a week and six weeks thereafter the car became immobile. Appellee said the car was represented at the time of sale as being a one-owner car from El Paso in a "cherry" condition and that it was the best car on the lot. The jury found that the car was (1) represented as being in excellent condition, (2) that such representation was a producing cause of the Appellee's damages and (8) that the representation was in fact false or deceptive at the time it was made. The Court instructed the jury that "By the terms 'false or deceptive' is meant knowingly and intentionally representing with the intent to deceive that goods are of a particular quality if they are of another." The jury found Appellee's (6)

damages to be in the amount of $1,074.44 and (7) a reasonable attorney's fee to be $1,500.00. They failed to find that the repossession of the vehicle was a conversion by Appellant.

■ The Appellant presents six groups of points of error. Group I attacks the sufficiency of the evidence to support the submission of issues inquiring as to (1) a representation and (2) producing cause. In passing on the no evidence and insufficient evidence points, we considered the evidence in accordance with the direction of *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965).[1]

With regard to the first issue, Mr. Godfrey, on cross examination, testified as follows:

"A Mr. Barnhouse showed me the Audi.

Q Well, when you got ready to take it home, didn't he say 'Henry, go ahead and take it home and try it out and see how you like it. Take it to a mechanic if you want.'?

A He said 'If you want to you can, but it is a good car.' He told me 'It's a one-owner, cherry condition and from El Paso, best car on the lot.'

Q What does 'cherry' condition—I don't understand that?

A 'Cherry' condition, mint condition.

Q Mint, good?

A Excellent condition."

Mr. Barnhouse denied making these particular statements but did remember telling Mr. Godfrey that the car was in "very good condition."

■ Based upon this testimony, we overrule both the "no evidence" and "insufficient evidence" points of error.

■ A complaint is also made that the Court erred in submitting Special Issue No. One because it was an evidentiary issue and because it constituted a comment on the weight of the evidence. The record con-

---

1. If there is any evidence to support the submission of the issue it must be submitted. The trial Court may not refuse to submit an issue on an "insufficient evidence" objection to the charge. *Volkswagen of America, Inc. v. Licht*, 544 S.W.2d 442 (Tex.Civ.App.—El Paso 1976, no writ).

tains no such objections to the Court's charge and any complaints about the charge and the issues submitted which were not timely made have been waived. Rule 272, Tex.R.Civ.P.

With regard to the second issue, Mr. Godfrey testified that the statements about the condition of the car were made many times before he bought it and that he "relied heavily on these statements." It appears problems developed very shortly after the sale and the car eventually became immobile. Such evidence is sufficient to support the jury finding as to producing cause. Although it has been suggested that "producing cause" is the appropriate causation issue in this type case where damages are sought (see Bragg, Maxwell & Longley, Texas Consumer Litigation, 1978, Sec. 9.01), no such issue appears to have been submitted nor is its absence noted in *Spradling v. Williams*, 566 S.W.2d 561 (Tex.1978). But, see Wells, Measure of Damages for Misrepresentation Under the Texas Deceptive Trade Practices Act, 29 Baylor L.Rev. 135 (1977); Lynn, Anatomy of a Deceptive Trade Practices Case, 31 Sw.L.J. 867, 874 (1977). In fact, the Supreme Court opinion notes that issues in the *Spradling* case were submitted in clusters of three, inquiring whether a specific act or practice happened, whether it was a deceptive trade practice and whether the customer relied upon the deceptive trade practice. In the case at bar, no issue was submitted with regard to reliance upon the representations and no complaint is made about the failure to submit such issue. See Texas Litigation Guide, Vol. 9, Sec. 220.03[4] (1978).

█ The last of the points in the first group urges that the submission of Special Issue No. Two constituted a comment on the weight of the evidence. This issue was conditionally submitted, based upon an affirmative answer to Special Issue No. One. We find no error in the fact that Special Issue No. Two was based upon an assumed finding of a representation that the car was in excellent condition where the issue was conditionally submitted upon an affirmative answer to the first issue. *Houston General*

*Insurance Company v. Lane Wood Industries, Inc.*, 571 S.W.2d 384 (Tex.Civ.App.—Fort Worth 1978, no writ). All of the points of error in Group I are overruled.

The second group of points urge that the Court erred in defining a deceptive trade practice. There was no issue submitted to the jury inquiring if any conduct was a deceptive trade practice. Nevertheless, the Court did define the term and did so in the following manner:

> " 'Deceptive trade practice' means a course of conduct that, when performed in trade or commerce, has the tendency and capacity to mislead that portion of the general public toward whom such conduct is directed. In determining 'tendency' and 'capacity' to mislead, you are instructed to look to the overall impression that such conduct would have on the general public, including the ignorant, the unthinking and unsophisticated."

█ This definition is basically the same general definition approved in *Spradling v. Williams,* supra, although it does restrict the conduct complained about to only that portion of the general public toward whom such conduct is directed. In any event, we find no reversible error since the instruction is not related to any issue which forms a part of the jury's verdict. We do believe that better practice dictates that trial courts not define terms which are unrelated to the issues submitted to the jury. Since the jury did find that the representation was in fact false and under the definition given that it was knowingly and intentionally made with intent to deceive, that finding was sufficient to establish a right to recover under Section 17.46(a), Tex. Bus. & Comm.Code Ann. (Supp.1978–79). *Singleton v. Pennington,* 568 S.W.2d 367 (Tex.Civ.App.—Dallas 1977, writ pending). The points of error in Group II are overruled.

█ The next group of points complain about the submission of special issues three and four and the lack of evidence to support the submission of such issues. The jury found in Special Issue No. Three that Ap-

pellant repossessed the automobile in question in a manner not provided for by the Retail Installment Contract, but in answer to Special Issue No. Four failed to find that such repossession was a conversion to its own use and benefit without the consent of the Appellant. These issues form no basis for the judgment entered against Appellant and we find no reversible error in their having been submitted. Rule 434, Tex.R. Civ.P. The points of error in Group III are overruled.

■ The fourth group of points urge error in submitting Special Issue No. Six (damages) with both no evidence and insufficient evidence points of error, and in failing to disregard the answer to Special Issue No. Seven (attorney's fees) because the consumer did not prevail in his entire suit. Under the provisions of Section 17.50(b)(1), Tex.Bus. & Comm.Code Ann. (Supp.1978–79), a party may recover three times the amount of actual damages plus costs and attorney's fees unless limited to actual damages, costs and attorney's fees under the provisions of Section 17.50A of that Code. Several writers have commented on what constitutes "actual damages." See 29 Baylor L.Rev. 135, supra; Bragg, Maxwell & Longley, Texas Consumer Litigation, supra, Secs. 8.04 & 8.05. In this case, where the automobile was repossessed and no further payments made, the jury found the actual damages to be the amount of the down payment ($740.00) and two installment payments ($334.44). Those amounts were based upon the Buyer's Purchase Order and the schedule of note payments which were offered in evidence. These exhibits were clearly sufficient to support the submission of Special Issue No. Six. The net effect of the repossession was a rescission of the contract and the purchaser was at least entitled to recover the consideration paid in determining his actual damages. 29 Baylor L.Rev., supra, 135, 141.

■ The Act clearly provides for the recovery of attorney's fees where a consumer prevails in his suit under the Act. In this case, the jury found that a false representation was made. Thus, the Act applies

and attorney's fees are recoverable. The fact that there was no recovery for conversion is immaterial. The complaint about the answer to Special Issue No. Seven cannot be sustained. The points of error under Group IV are overruled.

The next group of points complain that the trial Court erred in admitting certain evidence over the Appellant's objection. First, it is contended that the Court erred in permitting Mr. Frank Thompson, a rebuttal witness for Appellee who worked with the Appellee at Newspaper Printing Corporation, to testify concerning a telephone conversation for purposes of impeaching one of the Appellant's witnesses. Mr. Sherman Barnett, the Yamaha distributor in El Paso, testified for the Appellant that he had talked to Mr. Godfrey about a month after he purchased the Audi automobile and that at that time he had absolutely no complaints about the car and was very happy with the purchase of that vehicle. On cross examination of Barnett, he was asked if he had told Appellee that if he went through with this lawsuit he (Barnett) would stop advertising with him. Mr. Barnett denied making such a statement to Mr. Godfrey. Mr. Thompson later testified that Mr. Barnett had called him on the telephone concerning this case and said it would not be good for Newspaper Printing Corporation. Mr. Thompson took this to mean that it would cost them advertising.

■ Certainly Mr. Barnett might have been impeached by contradictory testimony. 1 C. McCormick & R. Ray, Texas Law of Evidence Sec. 682 (2d ed. 1956). But he had never been asked about any statements made to Frank Thompson, and the testimony of that witness was not inconsistent with the testimony given by Mr. Barnett when asked on cross examination about statements made to Mr. Godfrey. Thus, we conclude that the testimony was not admissible for impeachment purposes and it was error to admit it.

The Appellant also complains that the trial Court erred in admitting into evidence a copy of a handwritten complaint filed by Mr. Godfrey with the Consumer Protection

Division of the Attorney General's Office. The complaint details representations made about the car including the fact that he was told it was in excellent condition, and also sets out problems he had with the car and his belief that "it was a faulty and misrepresented automobile."

 This written complaint was offered and received into evidence while the Appellant, as the first witness, was testifying on direct examination. Thus it was not offered to rebut an imputation of recent fabrication. This exhibit was clearly hearsay and a self-serving declaration. *Perez v. San Antonio Transit Company*, 342 S.W.2d 802 (Tex.Civ.App.—Eastland 1961, writ ref'd); 1 C. McCormick & R. Ray, Texas Law of Evidence Sec. 786 (2d ed. 1956). As noted in that same text in Section 781 "evidence of a statement made out of court *when such evidence is offered for the purpose of proving the truth of such previous statement*, is inadmissible as hearsay." Of course, many statements made out of court qualify as an exception to the rule, but the one in this case does not.

The next question is whether the error in admitting such evidence was reasonably calculated to cause and probably did cause the rendition of an improper judgment. Rule 434, Tex.R.Civ.P. We have concluded that the evidence in these two instances does not show that it probably did cause the rendition of an improper judgment. *Dennis v. Hulse*, 362 S.W.2d 308 (Tex.1962). Although the written complaint may have bolstered the testimony of Mr. Godfrey, it was only cumulative evidence of that testimony which had already been received without objection about the sale and operation of the automobile. We doubt that the impeachment testimony actually changed the results of the case because another witness, Wayne Hensen, testified as to Mr. Godfrey's apparent satisfaction with the Audi after it had been driven on a trip to Arizona in April, 1977. The points of error in Group V are overruled.

The points of error in Group VI are all very general and only specify that the Court erred without specifying the legal basis or reason for such error. A point of error asserting that the trial court erred in overruling a motion for judgment non obstante veredicto, or that the court erred in overruling a motion for new trial, would require the appellate court to review each and every ground set forth in such motion without any specificity as to which grounds are relied upon or the reason why the specific grounds constituted error. Such points are too general for appellate courts consideration. *Green v. Maxwell*, 423 S.W.2d 384 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ ref'd n. r. e.). When we look to the argument under the points of error, as required by the holding in *Fambrough v. Wagley*, 140 Tex. 577, 169 S.W.2d 478 (1943), we find the argument to be as general as the points and present no specific error for our consideration. The points of error in Group VI are overruled.

The judgment of the trial Court is affirmed.