Pedro & Abundia RIOJAS, Appellant,

v.

LONE STAR GAS CO., A DIVISION OF ENSEARCH CORP., Appellee.

No. 2–81–046–CV.

Court of Appeals of Texas, Fort Worth.

Date July 29, 1982.

Rehearing Denied Sept. 9, 1982.

---

Art Brender, Fort Worth, for appellants.

Shannon, Gracey, Ratliff & Miller and David E. Keltner, Fort Worth, for appellees.

Before MASSEY, C.J., and SPURLOCK and JORDAN, JJ.

## OPINION

MASSEY, Chief Justice.

This is an appeal from a summary judgment. Pedro and Abundia Riojas, husband and wife, brought suit against Lone Star Gas Company for personal injury damages sustained by them on or about February 26, 1977. The Riojases alleged their entitlement to such damages under common law tort principles, and additionally sought recovery based upon Lone Star's alleged violations of the Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. & Comm. Code sec. 17.41, et seq. (1982), referred to herein as DTPA.

With the issues joined by pleadings Lone Star moved for summary judgment on its theory that as a matter of law the acts of the gas company in terminating the plaintiffs' gas service sometime prior to 5:00 p.m. on February 25, 1977, had no causal connection to their damages resulting from injuries sustained by reason of carbon monoxide inhalation. It had been at least twenty-six hours after gas service had been turned off that plaintiffs' injuries were sustained. From the trial court's grant of the Lone Star motion, plaintiffs appealed.

We affirm. From the summary judgment evidence of record, there exists no

genuine issue of material fact precluding Lone Star's entitlement to judgment as a matter of law.

In considering the propriety of the grant of summary judgment, this court must accept as true the plaintiffs' version of the facts as evidenced by the summary judgment proof and must make every reasonable inference in their favor. *Conerly v. Morris,* 575 S.W.2d 633, 635 (Tex.Civ.App.—Houston [1st Dist.] 1978, writ ref'd n.r.e.). This we do. In outlining the facts relative to our disposition of the case, all conflicts in the evidence have been resolved in plaintiffs' favor.

On October 23, 1976, plaintiffs Pedro and Abundia Riojas moved from one area of Fort Worth to a residence located in another area. During the next four months, November 1976 through February 1977, plaintiffs failed to receive a monthly bill from Lone Star for gas service being provided to their new residence. Mrs. Riojas contacted Lone Star in each of the four months and requested a bill for gas service, but none was received. Concerned with the possibility that plaintiffs might receive a large bill representing months of unbilled service, Mrs. Riojas made inquiries concerning the amount of the bill Lone Star would send. She was assured that if a large bill was sent she would be given an opportunity to make installment payments in retirement.

On Friday, February 25, 1977, an employee of the gas company presented a bill for $156.00. Plaintiffs did not have $156.00. Contrary to the assurances given by the gas company they were not afforded opportunity to pay the bill in affordable installments. Gas service to the plaintiffs' home was terminated. [Herein lie the acts of Lone Star alleged to be in violation of DTPA in its secs. 17.46(a), 17.50(a)(1) & (3).]

On Saturday, February 26, 1977, the Fort Worth area experienced a sudden drop in temperature. The plaintiffs depended upon gas for heating and cooking. Because gas service had been terminated plaintiffs built a charcoal fire in a bucket outside to cook their food during that day. That night, in order to keep warm, they brought the bucket inside their home. As result of this both Mr. and Mrs. Riojas suffered carbon monoxide poisoning from charcoal fumes. Luckily, Mr. Riojas was able to contact one of his children before he lost consciousness. The child hurried to the parents' home, found both plaintiffs unconscious, and summoned an ambulance. Although plaintiffs were revived both suffered personal injuries from their inhalation of the charcoal fumes. They sued for damages because of these injuries.

The gist of plaintiffs' complaint was that Lone Star wrongfully terminated their gas service when they did not allow them to retire their unusually large bill over a period of time contrary to prior representations made by Lone Star. Such conduct and acts on the part of the gas company were alleged to have been actionable under the common law as well as under DTPA. *Southwestern Gas & Electric Co. v. Stanley,* 123 Tex. 157, 70 S.W.2d 413 (1934). For our purposes we will assume that plaintiffs did indeed plead a valid cause of action under the Deceptive Trade Practices Act, especially in light of their use of its "catch-all" provisions in secs. 17.46(a) "false, misleading, or deceptive acts or practices of any trade or commerce", and 17.50(a)(3) "any unconscionable action or course of action by any person".

The only damages sought were those which flowed from the carbon monoxide poisoning, namely compensation for medical bills and for pain and suffering. In other words, the plaintiffs did not seek the more "typical" items of damages encountered in wrongful termination cases, such as damages for inconvenience, discomfort, spoilage of foodstuffs, injury to property, or lost profits. We have been cited to no case, and have found none, which is at all similar to this wrongful termination case.

In their single point of error, plaintiffs contend the trial court erred in granting Lone Star's Motion for Summary Judgment, by holding, as a matter of law that by their evidence there was no proof of any causal connection between Lone Star's act and plaintiffs' injuries.

■ The appropriate standard of causation under the Texas Deceptive Trade Practices—Consumer Protection Act, Tex. Bus. & Comm. Code sec. 17.41, et seq. (1982) is that of "producing cause". *See id.* at sec. 17.50(a). However, the case at bar arose under the pre-1979 version of the DTPA. *See* Tex. Laws 1973, (Regular Session), ch. 143, sec. 17.50(a), at 326 ("a consumer may maintain an action if he has been adversely affected by . . ."). We perceive no new provision by the latest amendment and hold the standard applicable to the instant case to be that of "producing cause". *Rotello v. Ring Around Products, Inc.,* 614 S.W.2d 455, 461 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.); *Barnhouse Motors, Inc. v. Godfrey,* 577 S.W.2d 378, 380–381 (Tex.Civ.App.—El Paso 1979, no writ); *Woo v. Great Southwestern Acceptance Corp.,* 565 S.W.2d 290, 298 (Tex.Civ.App.—Waco 1978, writ ref'd n.r.e.).

■ In any cause of action, whether grounded in tort, contract, or a hybrid of the two, there can be no recovery of damages by an aggrieved party against another unless the injuries or damages be caused by that other's actions. The fact that persons are injured, for whatever reasons, does not give rise to any assurance that compensation for those injuries will be recovered. Though by different standards, according to the requirements of applicable law, "causation" is always the essential element to attribute the fault for one's injuries to another. For plaintiffs the least onerous test is that of producing cause. Tests in this case—to determine if there is a fact issue to be tried—will be by this causation standard.

■ Producing cause means an efficient, exciting or contributing cause. *Texas Indemnity Ins. Co. v. Staggs,* 134 Tex. 318, 134 S.W.2d 1026 (1940). Sometimes referred to as "factual" causation, this standard is used in Worker's Compensation cases, and lacks the element of "foreseeability" that is embraced by the standard of proximate causation. In this case, plaintiffs are correct in asserting that the fact that Lone Star might not have reasonably anticipated or foreseen the possibility that they might take a dangerous instrumentality, such as a bucket of burning charcoal, into their home, is of little import under the less onerous standard of producing cause.

A review of Worker's Compensation decisions of the courts of this state has revealed that, even under the producing cause standard of causation, there remain lines to be drawn in extraordinary fact situations. In *United Employers Casualty Co. v. Marr,* 144 S.W.2d 973, 976 (Tex.Civ.App.—Galveston 1940, writ dism'd. judgmt. cor.), a limitation on an insurer's liability was articulated as follows:

> "Our courts have uniformly held that a compensable injury under the Workmen's Compensation Law includes and contemplates not only the immediate effects arising from the injury itself, but the effects of any aggravation of such injury resulting from medicinal or surgical treatment, *when there is no intervening, independent cause to break the chain of causation* between the new injury or aggravation and the original injury." (Emphasis supplied).

We believe that Worker's Compensation cases, such as the one cited, offer substantial guidance.

■ In this case we know that the act of the plaintiffs in bringing the charcoal bucket into the house was the proximate cause of their asphyxiation. For summary judgment purposes in this case Lone Star is deemed to have been negligent on the one hand, and in violation of the Deceptive Trade Practices Act on the other. The act of Lone Star in shutting off gas service could certainly not have caused carbon monoxide poisoning of plaintiffs without the concurrent presence of another conscious agency. The question is posed: were the plaintiffs' actions, which played a part in bringing about their injuries, concurrent with the negligent, as well as deceptive conduct of Lone Star (which we presume), or was the plaintiffs' action, by selection of the dangerous alternative heat source, a new and independent force which intervened and superseded Lone Star's original wrongful act and itself became the sole efficient cause of plaintiffs' injuries? Stat-

ed another way: was the plaintiffs' act of bringing into the house the alternative heat source (the charcoal) in itself a cause sufficiently efficient to have broken the causal link between Lone Star's withdrawal of the regular heat source and the plaintiffs' injuries?

We hold that the plaintiffs' own action did more than merely join with, or contribute to and concur with the act of Lone Star Gas Company; that their own act broke the causal sequence and itself became the sole cause of their injuries.

There was no liability of Lone Star under either common or statutory law in this instance.

Judgment is affirmed.