**Bruce McFARLAND, Appellant,**

v.

**ASSOCIATED BROKERS, Appellee.**

No. 13–96–638–CV.

Court of Appeals of Texas, Corpus Christi.

July 16, 1998.

Savannah L. Robinson, Friendswood, for Appellant.

Robert A. Miller, Dallas, for Appellee.

Before SEERDEN, C.J., and YANEZ and CHAVEZ, JJ.

## OPINION

SEERDEN, Chief Justice.

Bruce McFarland, M.D., appellant, brought suit against Associated Brokers (hereinafter "Associated"), appellee, alleging negligence, violations of the Deceptive Trade Practices–Consumer Protection Act ("DTPA"), and fraud in connection with the purchase of a home. The trial court granted summary judgment in favor of Associated Brokers and, after a trial on appellee's counterclaim, entered judgment against McFarland for attorneys' fees. We reverse and remand.

### FACTUAL BACKGROUND

On May 14, 1991, McFarland, with the assistance of Prudential Padre Island Realtors, contracted to purchase a home owned by Rudolph and Nancy Voorhoeve. Associated served as the listing agent.

McFarland requested an inspection of the home prior to closing in accordance with an addendum attached to the earnest money contract. This inspection was performed by Coastal Real Estate Inspections, Inc. ("CREI") on July 9, 1991. No major roof damage was discovered or reported by CREI. On the same date as the inspection, however, McFarland discovered water in a light fixture in the closet to the master bedroom, indicating a roof leak. Although the contract was not altered, McFarland requested that the roof be repaired at the seller's expense with the assurance that the repair work would be guaranteed for at least one year.

Repairs were made by Dennis Howard. Howard assured McFarland that the roof was in good shape, and extended a one year warranty on the repairs.

The sale of the home was closed on July 22, 1991, prior to completion of the above mentioned repairs. In September 1991, after moving into the home, McFarland discovered that the roof was still leaking.

McFarland, filed suit against, among others, Associated, alleging negligence, fraud, and violations of the DTPA in connection with the sale of the property in question. Specifically, McFarland sought damages for Associated's knowing concealment (misrepresentations regarding the condition of the home), non-disclosure of known defects, and the non-disclosure of false representations made by the Voorhoeves. Associated filed a motion for summary judgment on the grounds that there was no causal link between Associated's conduct and any damages suffered by McFarland. In support, Associated argued that causation was broken by (1) a contract addendum, wherein the buyer agreed that he "has not relied upon and is not relying upon any representations or statements made by realtor regarding the condition of the property;" (2) the inspection of the property performed by CREI on McFarland's behalf; (3) McFarland's discovery of the leakage; and (4) McFarland's agreement with the roofer.

The trial court granted Associated's motion for summary judgment without specifying the grounds upon which it relied in rendering its judgment. The case was severed, and Associated's counterclaim for attorneys' fees was tried to a jury. Judgment was entered upon the jury's verdict awarding Associated $19,200 for legal services rendered plus additional amounts for appeal. McFarland now appeals the granting of the summary judgment and the award of attorneys' fees.

### SUMMARY JUDGMENT

◼ The standards for reviewing a motion for summary judgment are well established:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985).

■ A defendant who moves for summary judgment must show that the plaintiff has no cause of action. A defendant may meet this burden by either (1) disproving at least one essential element of each theory of recovery, or (2) conclusively proving all elements of an affirmative defense. *Wornick Co. v. Casas,* 856 S.W.2d 732, 733 (Tex.1993); *H.S.M. Acquisitions, Inc. v. West,* 917 S.W.2d 872, 877 (Tex.App.—Corpus Christi 1996, writ denied). Once the movant establishes that it is entitled to summary judgment, the burden shifts to the nonmovant to show why summary judgment should not be granted. *Casso v. Brand,* 776 S.W.2d 551, 556 (Tex.1989); *Neuhaus v. Richards,* 846 S.W.2d 70, 77 (Tex.App.—Corpus Christi 1992, writ dism'd judgm't cor.). When a motion for summary judgment alleges more than one basis of support, and the order granting the motion is silent as to the reason for granting the motion, the appellant must show that each independent ground alleged in the motion is insufficient to support summary judgment, and the summary judgment must be affirmed if any of the theories are meritorious. *Rogers v. Ricane Enters., Inc.,* 772 S.W.2d 76, 79 (Tex.1989); *H.S.M. Acquisitions, Inc.,* 917 S.W.2d at 878.

### DISCUSSION

In his first point of error, McFarland contends that the trial court erred in granting summary judgment because there remained questions of fact concerning the knowing concealment by appellee. Specifically, McFarland argues that Penny Nichols, the agent for Associated Brokers, knew and failed to disclose that the home had numerous problems.

■ We need not consider this first point. It is well settled that a motion for summary judgment must expressly present the grounds upon which it is made, and must stand or fall on these grounds alone. *Science Spectrum, Inc. v. Martinez,* 941 S.W.2d 910, 912 (Tex.1997) (citing *McConnell v.*

*Southside Indep. Sch. Dist.,* 858 S.W.2d 337, 341 (Tex.1993)). Therefore, summary judgment cannot be affirmed on grounds not expressly set out in the motion or response. *Stiles v. Resolution Trust Corp.,* 867 S.W.2d 24, 26 (Tex.1993). Associated did not move for summary judgment on the grounds that there was no competent evidence of a knowing concealment on the part of Nichols. Rather, as stated above, Associated's motion for summary judgment was based solely on the absence of causation. Therefore, for the purposes of this appeal, we assume a knowing concealment on the part of Associated, and address only the arguments as they pertain to the element of causation.

In his second point of error, McFarland argues that the trial court erred in granting summary judgment because Associated's conduct was a cause in fact of the harm suffered. At a minimum, McFarland argues, the summary judgment evidence raises a question of fact regarding causation thus precluding summary judgment.

■ Proof of causation is essential for recovery on all of McFarland's causes of action. Negligence requires proof of proximate cause. *Prudential Ins. Co. of America v. Jefferson Associates, Ltd.,* 896 S.W.2d 156, 160–61 (Tex.1995). For DTPA violations, producing cause must be shown. TEX. BUS. & COM.CODE ANN. § 17.50(a) (Vernon Supp. 1998). A fraud cause of action requires proof of "a material misrepresentation ... which was relied upon, and which caused injury." *Formosa Plastics Corp. USA v. Presidio Engineers and Contractors, Inc.,* 960 S.W.2d 41, 47 (Tex.1998) (quoting *Sears, Roebuck & Co. v. Meadows,* 877 S.W.2d 281, 282 (Tex.1994)).

■ Associated argues that the inspection by CREI, the discovery of water in the light fixtures, and the agreement with Howard broke the causal connection between Associated's conduct and any harm suffered by McFarland. We do not agree.

Associated relies on two cases for the proposition that, as a matter of law, a buyer's careful inspection of a house's condition constitutes a new and independent basis for the purchase thus intervening and superseding

the sellers' alleged wrongful act. *See Prudential*, 896 S.W.2d at 161 (citing *Dubow v. Dragon*, 746 S.W.2d 857, 860 (Tex.App.—Dallas 1988, no writ)).

In *Prudential*, the buyer sued his seller for failing to disclose that the conveyed property contained asbestos. The Texas Supreme Court held that the buyer's "as is" agreement, entered into after careful inspection by the buyer's maintenance supervisor, property manager, and an independent professional engineering firm, negated the buyer's claim that any action by the seller caused his injury. *Prudential*, 896 S.W.2d at 161. The "as is" agreement provided:

> As a material part of the consideration for this Agreement, [seller] and [buyer] agree that [buyer] is taking the Property "AS IS" with any and all latent and patent defects and that there is no warranty by Seller that the Property is fit for a particular purpose. [Buyer] acknowledges that it is not relying upon any representation, statement or other assertion with respect to the Property condition, but is relying upon its examination of the Property. [Buyer] takes the Property under the express understanding there are no express or implied warranties (except for limited warranties of title set forth in the closing documents).

*Id.* at 160.

In *Dubow*, the buyers hired an inspector and a foundation specialist to inspect the property in question. The buyers, concerned about discovered and future problems with the house, renegotiated the contract. In exchange for lowering the sales price, the following provision was added to the contract:

> After careful inspection of the house, and with professional opinions, [we] feel that the house will need extensive ongoing maintenance because of the site positioning, foundation and drainage. See attached inspection report. We will take the home as is, WITH ALL CONTINGENCIES REMOVED.

*Dubow*, 746 S.W.2d at 859 (emphasis in original). After closing, the buyers discovered additional problems with the home. Therefore, they sued the sellers for failure to disclose the foundation problems and roof leaks.

The Dallas Court of Appeals, focusing on the buyers' reliance upon the experts' opinions and the fact that the contract was renegotiated, held that the buyers' careful inspection of the house "constituted a new and independent basis for the purchase which intervened and superseded" any wrongful conduct on the part of the seller. *Id.* at 860.

As is evident from the above, both of the cases relied upon by Associated involve a buyer who, relying upon his inspector's report, entered into an "as is" agreement with the seller. Under such an agreement, a buyer agrees to make his own appraisal of the bargain and to accept the risk that he may be wrong. *Prudential*, 896 S.W.2d at 161. "The sole cause of a buyer's injury in such circumstances, by his own admission, is the buyer himself." *Id.*

This is not so in the case at hand. McFarland did not, after receiving CREI's report or discovering water in the light fixture, enter into an "as is" agreement with the seller. McFarland did not renegotiate the terms of the contract. In other words, McFarland did not expressly agree to rely solely upon his own examination of the property in question. Accordingly, we find neither *Prudential* nor *Dubow* to be controlling.

Furthermore, we do not believe that the inspection by CREI, discovery of water in a light fixture, or the agreement with the roof repairman, in and of themselves, constitute a new and independent cause of any harm suffered by McFarland as a matter of law. *See Kessler v. Fanning*, 953 S.W.2d 515, 518–19 (Tex.App.—Fort Worth 1997, no writ) (In DTPA action, buyers' reliance on independent inspection was not an intervening factor that broke the causal connection between buyers' damages and the sellers' misrepresentation or failure to disclose fact of poor drainage); *O'Hern v. Hogard*, 841 S.W.2d 135, 138 (Tex.App.—Houston [14th Dist.] 1992, no writ) (reliance on an independent inspection was not, in and of itself, enough to constitute a new and independent basis for the purchase of the dwelling and did not intervene and supersede any misrepresentations or non-disclosure of the sellers).

There is no duty upon the real estate agent to inspect a property to discover defects. *Kubinsky v. Van Zandt Realtors*, 811 S.W.2d 711, 715 (Tex.App.—Fort Worth 1991, no writ). However, a seller does have a duty to avoid making misrepresentations, TEX. BUS. & COM.CODE ANN. § 17.46(b)(5),(7) & (13) (Vernon Supp.1998); *Kessler*, 953 S.W.2d at 521, and to disclose known material facts under certain circumstances. *Id.* at § 17.46(b)(23) (Violation of the DTPA includes "the failure to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed."); *Robinson v. Preston Chrysler–Plymouth, Inc.*, 633 S.W.2d 500, 502 (Tex. 1982); *Smith v. National Resort Communities, Inc.*, 585 S.W.2d 655 (Tex.1979) (seller has a duty to disclose material facts affecting the suitability of the property for its intended use which would not be discoverable by the exercise of ordinary diligence on the part of the purchaser); *Cobb v. Dunlap*, 656 S.W.2d 550 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.).

Neither the inspection, discovery of water, nor the existence of the agreement constitute evidence that McFarland entered into the purchase with knowledge of the full extent to which the roof was damaged. If Associated knew, as argued by McFarland, that the roof was damaged to a greater extent than that reflected by either the inspector's report or McFarland's own discovery, and still refrained from disclosing such information, such non-disclosure could be a cause in fact of McFarland's harm.

As such, we hold that Associated did not, in its motion for summary judgment, establish the absence of causation as a matter of law. Accordingly, we sustain McFarland's second point of error.

In his third point of error, McFarland argues that the trial court erred in granting summary judgment based on the Property Inspection clause found in Realtor Addendum # 1. Specifically, McFarland argues that the addendum, while it might absolve Prudential Padre Island Realtors, does not absolve Associated of any knowing concealment. We agree.

The provision at issue states:

Realtor has advised buyer to have the property inspected by qualified inspectors of buyer's selection concerning all aspects of the property, including but not limited to structural components, equipment, systems, soil conditions, and termites, and the buyer has not relied upon and is not relying upon any representations or statements made by realtor regarding the condition of the property.

To the extent this provision attempts to waive responsibility under the DTPA, we question its effectiveness. TEX. BUS. & COM. CODE ANN. § 17.42 (Vernon Supp.1998) ("Any waiver by a consumer of the provisions of this subchapter is contrary to public policy and is unenforceable and void . . . ."). We need not address this question, however, because the agreement, by its own terms, does not absolve Associated of any such conduct. Just above the Property Inspection clause, the addendum defines the term "Realtor." The definition reads:

PADRE ISALND [sic] REALTORS, its agents and representatives are collectively referred to in this addendum as "REAL-TOR."

Thus, in the absence of summary judgment evidence showing Associated to be agents or representatives of Prudential Padre Island Realtors, we hold that the Property Inspection clause does not, by definition, absolve Associated of any misconduct.

We sustain McFarland's third point of error.

### ATTORNEYS' FEES

In his fourth point of error, McFarland argues that because the motion for summary judgment was improperly granted, Associated Brokers could not recover attorneys' fees as the "prevailing party" under the contract. We agree.

Associated recovered attorneys' fees under the contract of sale. The contract of sale provides, in pertinent part:

Any signatory to this contract, Broker or Escrow Agent who is the prevailing party in any legal proceeding brought under or with relation to this contract or transaction shall be additionally entitled to recover court costs and reasonable attorney fees from the non-prevailing party.

Accordingly, in light of our disposition on McFarland's second and third points of error, we hold that Associated has not prevailed and thus, is not entitled to attorneys' fees. McFarland's fourth point of error is sustained.

## CONCLUSION

Having sustained McFarland's second, third, and fourth points of error, we reverse the judgment of the trial court and remand the case for trial on the merits.